IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER CAMPBELL,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-cv-651-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Christopher Campbell's motion to vacate, set aside, or correction sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  For the following reasons, the Court dismisses Campbell's motion.

1. Background

On October 17, 2003, Campbell entered a plea of guilty to conspiracy to manufacture and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846.  *See United States v. Campbell*, Case No. 02-cr-40078-JPG (Doc. 448).  The undersigned Judge sentenced Campbell to 140 months imprisonment, 5 years supervised release, a $100 special assessment, and a $200 fine (Doc. 514 in criminal case).

Campbell's supervised release commenced on November 13, 2009 (Doc. 988 in criminal case).  However, prior to the completion of his term of supervised release, Campbell drunkenly beat a bartender, and the government filed a petition to revoke Campbell's supervised release on June 24, 2010 (Doc. 988 in criminal case).  On July 29, 2010, the undersigned Judge revoked Campbell's supervised release after he admitted to committing the offense of aggravated battery, consuming alcohol to excess, and consuming alcohol while enrolled in substance abuse treatment

(Doc. 1015 in criminal case).  The undersigned Judge imposed a sentence of time served and a 4-year term of supervised release (Doc. 1015 in criminal case).

On November 30, 2011, the government filed another motion for revocation of supervised release (Doc. 1157 in criminal case).  The Court appointed attorney Patricia Jane Koprucki to represent Campbell during his revocation proceedings.  On February 16, 2012, Campbell admitted the following allegations in the petition: (1) commission of the offense of Seat Belt Required; (2) unlawful possession of a controlled substance, Synthetic Cannabis, otherwise known as K2; (3) failure to submit truthful reports; (4) association with a convicted felon; (5) failure to notify probation of being questioned by police; (6) consumption of alcohol while enrolled in a substance abuse treatment program; and (7) use of alcohol (Doc. 1195 in criminal case).  The undersigned Judge sentenced Campbell to 54 months imprisonment, above the guideline range of 18 to 24 months.

On April 2, 2012, Campbell filed his notice of appeal in which he argued that the Court's discussion of the § 3553(a) factors was inadequate to support the Court's deviation from the guideline range. (Doc. 1206 in criminal case).  The Seventh Circuit found the Court's explanation sufficient, but issued a limited remand for clarification.  Specifically, the district court imposed a term of imprisonment of "48 months and 180 days," but the judgment listed "54 months" (Doc. 1206).  The Court entered an amended judgment on June 26, 2013, clarifying the term of imprisonment to be "48 months and 180 days" (Doc. 1288 in criminal case).

On June 5, 2014, Campbell filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  Campbell raises two grounds in his motion, both of which allege counsel was ineffective in violation of the Sixth Amendment.  In Ground One he alleges counsel was ineffective for (1) failing to investigate Campbell's alleged use

and/or possession of a controlled substance; (2) failing to challenge the timeliness of Campbell's reports; (3) failing to prove Campbell had permission to associate with felon Everett Martin; and (4) failing to prove that Campbell initiated contact between his probation officer within seventy-two hours after law enforcement contact. In Ground Two Campbell alleges counsel was ineffective when she coerced him into pleading guilty by "threatening" that additional charges would be forthcoming if he did not plead. The Court will now consider whether Campbell's motion survives this threshold review.

   2.  Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Defendants have no Sixth Amendment right to effective assistance of counsel in revocation proceedings. *United States v. Eskridge*, 445 F.3d 930, 932 (7th Cir. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Rather, the right to counsel at revocation proceedings arises from statute. *See* 18 U.S.C. § 3006A(a)(1)(E). Accordingly, because

Campbell had no constitutional right to counsel he could not be deprived of effective assistance of counsel in violation of the Constitution at his revocation proceedings. As such, Campbell's § 2255 claim is without merit and must be dismissed.

3. Certificate of Appealability

Having dismissed Campbell's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Campbell has made no such showing. Rather, it is clear that Campbell had no constitutional right to effective assistance of counsel at his revocation proceedings. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Campbell may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

4. Conclusion

For the forgoing reasons the Court **DISMISSES** Campbell's motion, **DIRECTS** the Clerk of Court to enter judgment accordingly, and **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** July 24, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**